**PECKHAM v. RONRICO CORPO-
RATION et al.**

No. 4319.

United States Court of Appeals
First Circuit.

Dec. 31, 1948.

Jay E. Darlington, of Hammond, Ind.
(J. Henri Brown, Walter L. Newsom, Jr.

and Enrique Cordova Diaz, all of San Juan, Puerto Rico, on the brief), for appellant.

Herbert S. McConnell, of San Juan, Puerto Rico (Jose G. Gonzalez, of San Juan, Puerto Rico, and S. Pierre Robineau, of Miami, Fla., with him on the brief), for appellees.

Before MAGRUDER, Chief Judge, WOODBURY, Circuit Judge, and WYZANSKI, District Judge.

WYZANSKI, District Judge.

This is an appeal from a summary judgment for defendants entered by the District Court of the United States for Puerto Rico upon the pleadings and affidavits without taking oral testimony, 7 F.R.D. 324. The issue presented is whether that action was warranted by Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A., which (both before and since the recent amendments) provides in part as follows:

Rule 56(b) "A party against whom a claim * * * is asserted * * * may, * * * move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

(c) " * * * The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that * * * there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

(f) "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

The complaint sets forth a cause of action in which plaintiff, holding assignments of judgments against the late Sol Meyer, seeks to satisfy them out of shares of Ronrico Corporation which are held by the Ferd S. Meyer Puerto Rican Trust and

which are alleged to be assets reachable by the creditors of Sol Meyer. The following four paragraphs summarize the complaint.

Sol Meyer was president and one of the principal stockholders of an Indianapolis bank which closed insolvent on May 12, 1931. In the Indiana state courts Garvin, a citizen of Indiana and receiver of the bank, secured a judgment finally reduced in amount to $824,933.33 against Sol Meyer on account of misappropriations from the bank. The judgment remains unsatisfied. In the United States District Court for the Southern District of Florida the receiver sued Sol Meyer on that judgment. He recovered the same amount; but that judgment also remains unsatisfied. On March 24, 1944 Garvin assigned both judgments to plaintiff, a citizen of Indiana.

While the Indiana action was pending and while he was insolvent, Sol Meyer, with the intent of defrauding his creditors, "promoted the organization of [defendant] Florida Cane Products Corporation, a Florida corporation" and "furnished the major part of the capital of said corporation, in consideration of which it issued its capital stock * * * part in the name of his son, who is the defendant Ferd (Ferdinand) S. Meyer; part in the name of said son's wife, who is the defendant Rosalyn Meyer; part in the name of Ferd's son, who is the defendant James Meyer; part in the names of himself and his son as purported trustees; part in the name of one of his agents and employees, who is the defendant Hoke T. Maroon, individually and as purported trustee; part in the names of his attorneys, who are defendants Aaron M. Reder and S. Pierre Robineau; part in the names of his friends and associates, who are defendants David L. Hulsman, W. George Kennedy and Jacob B. Gosch; and part in the name of another of his agents and employees, named William C. Chadwick * * *. Said recipients * * * had notice of the fraudulent intent of said Sol Meyer * * * at the time they received said stock, and they also then * * * had notice that he was insolvent and that said action [by Garvin] was pending against him." Part of Chadwick's stock passed by inheritance to the defendant Amanda Miller; and the remainder of the stock in Chadwick's name was transferred to defendants Ferd S. Meyer, Aaron M. Reder and W. George Kennedy, who each took with notice.

Florida Cane Products Corporation was the equitable owner of one half of the stock of the defendant Ronrico Corporation, a Puerto Rico corporation. The defendant stockholders of Florida Cane Products Corporation caused it to transfer that stock to a trust created under the laws of Puerto Rico, the Ferd S. Meyer Puerto Rican Trust, "of which defendant Ferd S. Meyer is the trustee, and of which they are beneficial owners, owning the same pro rata interests in said trust assets as they owned as stockholders of Florida Cane Products Corporation."

Plaintiff prays that the Court assume "jurisdiction over said Ferd S. Meyer Puerto Rican Trust and the assets thereof above described [that is, the shares in Ronrico] * * * to subject the several separate interests held by each of said defendants in said trust and in the assets of said trust to the payment of plaintiff's said judgments."

Answers to the complaint were filed on June 29, 1946 by Ferd S. Meyer, Rosalyn Meyer, James M. Meyer, Hoke T. Maroon, Aaron M. Reder, S. Pierre Robineau, David L. Hulsman, W. George Kennedy, Jacob B. Gosch, George W. Miller, Executor of Amanda Miller, and Florida Cane Products Corporation. Only parts of the answer of Ferd S. Meyer need be summarized for each of the other defendants in addition to setting forth matters relating solely to himself—such as his own lack of notice—adopted the answer of Ferd S. Meyer and the answers of all the other defendants.

Ferd S. Meyer admitted that Garvin had secured judgments against Sol Meyer, that Garvin had assigned these judgments to plaintiff and that these judgments were unsatisfied. He denied that "Sol Meyer made any of the transfers * * * alleged by the plaintiff, with or without intent to * * * defraud the plaintiff or his assignor." He denied "that Sol Meyer promoted the organization of Florida Cane Products Corporation" and denied "that said Sol Meyer furnished the major part or any part of the capital of said corporation." Fur-

ther, defendant Ferd S. Meyer alleged that the purchase of Florida Cane Products Corporation stock "and the connection of Sol Meyer therewith has heretofore been fully adjudicated."

Attached to the answer as exhibits were copies of the pleadings, testimony and the judgment in a suit brought May 17, 1940 in the Florida state court by Garvin, as receiver against Ferd S. Meyer, as trustee for Edward Meyer, Sol Meyer, Jr., and James M. Meyer and Ferd S. Meyer, individually. In Garvin's complaint it was alleged that Garvin was the holder of two judgments against Sol Meyer (these being the judgments which have since been assigned to plaintiff in the case at bar); that Sol Meyer had transferred certain Florida real estate to trustees; "that at various other times * * * said Sol Meyer conveyed to the defendant Ferd S. Meyer, as Trustee, and to the defendant Ferd S. Meyer, individually, personal property, the exact description and value of which is to the plaintiff unknown * * * and * * * that said conveyances * * * were fraudulently made with the intention to defraud" Garvin. Those allegations of fraudulent transactions were denied. At a hearing before a Special Master in Chancery, Garvin's counsel put questions to Ferd S. Meyer concerning the acquisition of stock in Florida Cane Products Corporation. Ferd S. Meyer's counsel objected that the questions were immaterial. The Master reserved, and perhaps never made, his ruling. [R. 149] Thereupon, Ferd S. Meyer testified that his father Sol Meyer had no connection with the purchase of the stock of Florida Cane Products Corporation; that his father never owned any stock in Florida Cane Products Corporation and that his father never paid for anything the son has. [R. 149-154] The Florida court on September 25, 1943 entered a final decree dismissing Garvin's complaint with prejudice and reciting that the "evidence wholly fails to show that Sol Meyer ever conveyed to the Defendants, or either of them, any property, real, personal or mixed, as alleged in said Bill of Complaint."

In the case at bar after the filing of pleadings, including the attachments just referred to, the defendants moved on January 7, 1948 for summary judgment. Accompanying the motion were affidavits of Ferd S. Meyer, Rosalyn A. Meyer, Hoke T. Maroon, J. B. Gosch, A. M. Reder, S. P. Robineau, David L. Hulsman, and George W. Kennedy. These affidavits showed that the Florida Cane Products Corporation was organized with an authorized capitalization of 3,500 shares of Class A stock and 2,100 shares of Class B stock; that the defendants subscribed for and paid for out of their own funds such Class A stock as was issued to them; that Ferd S. Meyer's Class A stock was paid for out of the proceeds of his insurance policy; that Sol Meyer personally furnished none of the consideration for any of the Class A stock; and that in consideration of receiving the rights in the Gosch process, U.S. Patent No. 1,963,165, developed by Gosch, the corporation issued its Class B shares to the nominee of J. B. Gosch and Ferd S. Meyer, namely H. T. Maroon, as Trustee to hold one-half for the son of J. B. Gosch and the other half for Ferd S. Meyer and his son. [R. 211, but see R. 200 lines 12-14] In explaining this transaction in Class B stock, Ferd S. Meyer, Gosch and other defendants swore that in the spring of 1934 Gosch approached Ferd S. Meyer to interest him in the as yet unpatented Gosch process; that they entered into negotiations covering that process; that Meyer's counsel Robineau advised them to procure a patent for the process; that Ferd S. Meyer assisted Gosch to make application for a patent June 22, 1934; that the United States Patent Office issued the patent *July* 19, 1934; that Ferd S. Meyer and Gosch agreed that if Ferd S. Meyer could and would promote a corporation whereby the patented process could be profitably exploited, Gosch would assign to him a half interest in the patented process; and that Ferd S. Meyer succeeded in his promotion and as a result the Class B stock was issued by the corporation, in consideration of its receipt of the patent, to H. T. Maroon as trustee to hold 865 ½ shares for Ferd S. Meyer and his son and to hold the other 865 ½ shares for Gosch's son. [R. 211]

On February 17, 1947 plaintiff filed what he called a verified answer and counter affidavit resisting defendant's motion for

summary judgment. This document alleged that, as shown by records of the Patent Office, the application for the Gosch patent was filed June 22, 1933 not June 22, 1934 and that the patent had been issued *June* 19, 1934 and not *July* 19, 1934. It also alleged that Ferd S. Meyer had a filed a petition in bankruptcy September 18, 1933; that he had not included in his schedule any interest he may have had in the Gosch invention; and that he had been discharged as a bankrupt March 13, 1934, his trustee had been discharged June 13, 1934 and the Referee's report had been submitted June 14, 1934. Plaintiff contended that defendant had changed the dates of the transaction to protect Ferd S. Meyer from attack by creditors but at the same time to make it appear that Ferd had acquired an interest in the Gosch patent from an early date. He also contended that if the correct dates were used it would appear that the Meyer interest in the Gosch process did not belong to Ferd but, by inference, to Sol.

April 30, 1947 affidavits were filed by defendants Ferd S. Meyer, Gosch and Robineau and by Robineau's secretary. In these affidavits defendants admitted that the dates of the application for and granting of the patent should conform to those shown in the Patent Office, and asserted that the original error was due to Robineau's secretary. These second affidavits changed the account given in the first set of affidavits in other respects as well. Thus, it was alleged that Gosch did not approach Meyer until after he had applied for a patent; that Gosch and Meyer agreed that Meyer should have no rights in the process until after Meyer had procured sufficient financing for the corporation and until after Gosch had received stock for the assignment of his patent; that the corporation issued the Class B stock to Gosch who then caused it to be transferred to Maroon as trustee; and that Meyer did not acquire his interest from the dummy incorporators of Florida. Cane Products Corporation until five days after the report of the Referee in Bankruptcy.

July 1, 1947 the Acting District Judge filed an opinion in which he noted that "the plaintiff has not controverted any of the statements made by the defendants in their affidavits as to the consideration paid to the Florida corporation for its shares. Nor has he challenged the statement that the Class B shares were issued for an assignment of the Gosch process." Further, the Judge observed that even if the misstatements in the first affidavits of defendants were deliberate, they do not justify plaintiff's inference that a half interest in the Gosch process or its avails belonged to Sol Meyer. "On the contrary, the only inference to be drawn from such a deliberate misstatement is that Ferd Meyer owned part of the process and desired to conceal such ownership from his creditors." Thus, in the view of the lower court the facts set forth in the affidavits on file, as distinguished from the contentions set forth in both the pleadings and affidavits, raised "no genuine issue as to any material fact."

The problem, as the District Judge saw it, was whether when a creditor alleges that his debtor has with intent to defraud conveyed assets to defendants, and the defendants offer uncontradicted affidavits that they received no assets from the debtor and they know nothing of the debtor's alleged intent to defraud, the creditor is nonetheless entitled successfully to resist defendants' motion for summary judgment and to insist on the right to a full trial in the hope that at the trial defendants will be subject to examination ore tenus. The Judge set forth the considerations which led him to conclude that a negative answer was proper but he delayed acting on that conclusion. He stated that "despite all these considerations, in view of the fact that the plaintiff charges fraud, I am unwilling to enter judgment for the defendants without giving the plaintiff a further opportunity to file additional affidavits, take depositions or utilize discovery * * * the court is reluctant to deny the plaintiff the right to a trial, if in fact he has, or can obtain within a reasonable time, some evidence which would raise a genuine issue of fact as to whether Sol Meyer furnished any part of the capital of the Florida corporation under the circumstances alleged in the complaint. Accordingly, entry of a summary judgment will be withheld for a period of twenty days, in order to permit.the plaintiff, if he is so advised, (a) to file further affidavits in support of his opposition to the motion

for summary judgment or (b) to advise the court of the dates, places and names of the defendants and other persons whose depositions he proposes to take or the discovery he proposes to institute, and, if possible, without revealing all the details thereof, what in general he proposes to show by such depositions or discovery. * * * If none of these steps is taken by the plaintiff within twenty days, judgment will be entered as prayed for in the motion for summary judgment." An order, embodying this conclusion, was filed July 1, 1947.

Having secured an extension of time, plaintiff on July 29, 1947 filed an affidavit reciting his objections to the order of July 1 and stating that he proposed to take depositions of thirty named persons, including the individual defendants in the case at bar. He said he would resort to discovery to procure all books, records and like documents relating to the transactions mentioned in the pleadings, to income tax returns and to trust accounts. By these depositions and discoveries he said he expected to show among other facts that before his death "Sol Meyer made declarations * * * that he was obliged to carry his property, including his interest in Florida Products Corporation [sic] and in Ronrico Corporation in the name of his son, defendant Ferd S. Meyer * * * [and] that Ronrico Corporation was about to make a disbursement and that he personally 'would have plenty of money' from that source after that."

August 9, 1947, after examining the affidavit, the lower court entered the summary judgment now under review.

Plaintiff attacks this judgment upon the grounds that (1) where the pleadings raise a genuine issue of fact in connection with a matter within the exclusive knowledge of one of the parties and its witnesses, that party is not entitled to foreclose a trial of the fact by moving for a summary judgment upon the basis of the affidavits of himself and other interested witnesses, (2) even if such procedure would be proper in an ordinary case, it is improper where the material fact is the alleged participation of the moving party in a fraudulent scheme, and (3) in any event, the motion of these defendants should not have been granted because (a) their affidavits were self-contradictory, and (b) their affidavits were contradicted by plaintiff's proffer of July 29, 1947. We agree that the third ground requires us to reverse the lower court's judgment.

It is well settled that "Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial." Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 627, 64 S.Ct. 724, 729, 88 L.Ed. 967. A litigant has a right to a trial where there is the slightest doubt as to the facts. Arenas v. United States, 322 U.S. 419, 434, 64 S.Ct. 1090, 88 L.Ed. 1363; Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135, 136; Arnstein v. Porter, 2 Cir., 154 F.2d 464, 470-471; Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167, 168.

In this case we are of opinion that there is a doubt as to what are the facts. Ferd Meyer swore that he held no assets for his father Sol. But in the affidavit filed July 29, 1947 plaintiff stated that he expects to show by competent evidence that Sol Meyer declared that he carried his property in his son Ferd's name and that he personally was to receive money from Ronrico Corporation. This affidavit fails to comply with the requirements of Rule 56(e) which stipulates that "Supporting and opposing affidavits shall be made on *personal* knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." To conform with the rule plaintiff should have buttressed his affidavit by the affidavit of the person who heard Sol Meyer make these declarations. Yet we are not disposed to regard this departure from the proper practice as decisive in view of the broad provisions of the order entered by the District Judge July 1, 1947. Nor are we, at this stage in the case, prepared to determine whether the alleged declarations by Sol Meyer would or would not be admissible in evidence against defendants in the case at bar. The question of admissibility may

turn on other testimony not now disclosed. Cf. Standard Oil Co. v. Clark, 2 Cir., 163 F.2d 917, 924, citing United States v. Manton, 2 Cir., 107 F.2d 834, 839.

■ In view of the square conflict between plaintiff's latest affidavit and all of defendants' affidavits, we do not find it necessary to dilate upon the conflict between defendants' first set of affidavits and defendants' second set of affidavits. Judge Snyder has correctly pointed out that, apart from other testimony, nothing in either set of defendants' affidavits, or in both sets considered together, would justify any trier of fact in drawing affirmative inferences that Sol Meyer caused any transfer to be made to Ferd S. Meyer or that Ferd S. Meyer or any other defendant holds property for the account of Sol Meyer. But this analysis is perhaps inadequate. If a party moving for a summary judgment submits upon the critical issues of the case two sets of affidavits from the same witnesses and the first set is admittedly as to each principal witness false in part, there should be a full trial because the judge before whom the motion for summary judgment is presented cannot tell whether the ultimate trier of fact will disregard the entire testimony of those inaccurate witnesses on the principle falsus in uno, falsus in omnibus. Wigmore, Evidence (3rd ed.) § 1010. In short, a summary judgment cannot be based upon challenged affidavits from witnesses who have admittedly stated some facts that are not true because the ultimate trier of fact is free to disregard the entire testimony of those affiants. When this rule is applied to the case at bar, the consequence is that there are no important affidavits which support the summary judgment. In the absence of reliable affidavits, the pleadings present an irreconcilable conflict on material facts not susceptible of resolution by summary action.

In view of our disposition of plaintiff's third ground we find it unnecessary to consider the broader contentions of plaintiff that a motion for a summary judgment is never proper in a case where fraud is alleged and the critical facts are in the possession of the moving party. Plaintiff's theory is that in such a case the moving party can virtually never be allowed to rest upon affidavits but must submit himself to cross-examination in open court. Cf. Sartor v. Arkansas Gas Corp., supra, 321 U.S. at page 628, 64 S.Ct. at page 729, 88 L.Ed. 967; Arnstein v. Porter, supra, 154 F.2d at page 470. One of the difficulties in applying that theory to the case at bar is that even if there is a full trial there is no assurance that plaintiff will be able to cross-examine any one of the individual defendants. None of the individual defendants is a citizen or resident of Puerto Rico. So far as appears, they may all stay away from the trial. And plaintiff may be powerless to serve them with effective summons to come as witnesses. Thus, if plaintiff desires their testimony he may have to take it by deposition. And that opportunity to take depositions is already available to him in connection with any motion for summary judgment, and was particularly pointed out to him by Judge Snyder's order of July 1, 1947.

■ Before concluding, we should make brief reference to defendants' suggestion that the judgment below even if it cannot be wholly sustained for the reasons given by the lower court can be sustained as to defendant Ferd S. Meyer for the reason that he has the benefit of estoppel by judgment. That is, Ferd S. Meyer claims that the Florida state court's decree entered September 25, 1943 in his favor in the suit brought against him by Garvin constitutes a bar to this suit. Our recital of the pleadings and judgment in that Florida case persuades us that that court was concerned with conveyances directly from Sol Meyer to Ferd S. Meyer. No issue was raised in that case—as it is here—whether Sol Meyer contributed property or services to Gosch or Florida Cane Products Corporation in consideration of one or both of them issuing shares or giving other property to Ferd S. Meyer or other relatives and friends of Sol Meyer. Hence the cause of action now at bar is not the same as or based on the same transactions as the Florida cause of action.

The judgment of the District Court is vacated and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the appellant.