150 N.J. Super. 481 (1977)
376 A.2d 177
WESTERN WORLD INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
ALLSTATE INSURANCE COMPANY, DEFENDANT AND THIRD-PARTY PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
RICHARD-LEWIS AGENCY, THIRD-PARTY DEFENDANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 17, 1977.
Decided June 9, 1977.
*482 Before Judges LORA, CRANE and MICHELS.
*483 Mr. Marc L. Dembling argued the cause for appellant Western World Insurance Company (Messrs. Lieb, Teich & Berlin, attorneys; Mr. Jerome S. Lieb, of counsel and on the brief).
Mr. Kent A. Losche argued the cause for respondent and cross-appellant Allstate Insurance Company (Messrs. Harwood, Lloyd, Kelly, Ryan, Coyle & Wulster, attorneys; Mr. Victor C. Harwood, III, of counsel and on the brief).
Mr. Edward M. Gurry argued the cause for cross-respondent Richard-Lewis Agency (Messrs. Gurry and Conlan, attorneys).
The opinion of the court was delivered by MICHELS, J.A.D.
Plaintiff Western World Insurance Company (Western World) appeals and defendant and third-party plaintiff Allstate Insurance Company (Allstate) cross-appeals from summary judgments of the Law Division.
The factual background and the issues raised on the motions for summary judgment before the Law Division are recounted in the opinion of that court which is reported at 140 N.J. Super. 338. Briefly, Western World instituted this action to recover moneys it paid in settlement of the claim of a passenger in a taxicab injured as the result of collision between the taxicab and another automobile. Allstate had issued the primary insurance coverage on the taxicab with limits of $10,000 per person and $20,000 per accident, and Western World had issued the excess liability insurance coverage with excess limits above the $10,000/$20,000 to $40,000 per person and $80,000 per accident. Allstate and Western World were both notified of the accident by the broker, third-party defendant Richard-Lewis Agency. The passenger instituted suit against the owner and operator of the taxicab as well as the operator of the other automobile involved in the collision. The Richard-Lewis Agency forwarded the summons and complaint to Allstate which undertook *484 the defense of the claim on behalf of the owner and operator of the taxicab. Allstate was of the opinion that its assured taxicab operator would probably be held liable with the other driver and that the damage award could exceed the $10,000 limit of coverage provided by its policy. Notwithstanding its appraisal of the case, Allstate made no effort to settle the claim prior to trial, and apparently did not even enter into settlement negotiations after the passenger demanded $20,000 to settle the claim. The case was tried on a bifurcated basis. During the liability trial Allstate offered $7,500 to settle the case, but never offered the full $10,000 limit of its coverage. At the conclusion of the liability trial the jury returned a verdict in favor of the passenger against the owner and operator of the taxicab, and absolved the operator of the other automobile. Western World was notified thereafter that the claim was in litigation, and demand was made upon it to pay any damages that might be awarded in excess of the primary coverage. Prior to the trial of damages Allstate and Western World agreed with the passenger to settle her claim for $20,000. Allstate paid its policy limit of $10,000, and Western World paid the remaining balance of $10,000 under protest, reserving its right to proceed against Allstate for reimbursement.
Western World thereupon instituted this action seeking to recover from Allstate the $10,000 paid in settlement of the claim, together with interest, counsel fees and cost. Western World claimed that Allstate violated the obligations and duties imposed upon it by the terms and conditions of the policy of insurance by (1) failing to notify Western World that the verdict might exceed the policy limits afforded by the primary coverage so that it could investigate, prepare and otherwise defend against such claim, and (2) negligently and improperly investigating and preparing the defense of the claim. Allstate denied that it was negligent or had breached any duty owing to Western World, and subsequently filed a third-party complaint against Richard-Lewis Agency seeking indemnification and contribution based on the theory *485 that the agency breached a duty to notify Allstate that Western World was the excess carrier.
Thereafter Allstate and Richard-Lewis Agency moved for summary judgments. The trial judge granted Allstate's motion with respect to Western World, holding that there was no fiduciary duty owed by Allstate to Western World in the circumstances of this case, and that the principles enunciated in Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474 (1974), and Yeomans v. Allstate Ins. Co., 130 N.J. Super. 48 (App. Div. 1974), did not apply as between such carriers. The judge also granted summary judgment in favor of Richard-Lewis Agency against Allstate for the reason that the agency owed no duty to Allstate to notify it of the existence of the excess carrier. These appeals followed.
R. 4:46-1 permits a party to move for summary judgment at any time. If the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment as a matter of law, summary judgment should be granted. R. 4:46-2. The moving party's burden in this regard is to exclude any reasonable doubt as to the existence of any genuine issue of material fact. All inferences of doubt are drawn against the moving party in favor of the opponent of the motion. Thus, the papers supporting the motion are closely scrutinized and the opposing papers indulgently treated. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 74-75 (1954). In Ruvolo v. American Cas. Co., 39 N.J. 490 (1963), our Supreme Court discussed the standards governing the grant or denial of summary judgment, commenting:
It is a matter of common knowledge that such judgments are to be granted with extreme caution. The moving papers and the pleadings are to be considered most favorably to the party opposing the motion. All doubts are to be resolved against the movant. It has been said on the federal scene (after whose rule our own is patterned) *486 that a litigant has the right to trial where there is the slightest doubt as to the facts. Peckham v. Ronrico Corp., 171 F.2d 653, 657 (1 Cir.1948); Doehler Metal Furniture Co. v. United States, 149 F.2d 130, 135 (2 Cir.1945). If there is such a doubt it cannot be said the movant's case is unequivocally established or that palpably there is no genuine issue as to any material fact challenged. R.R. 4:58-3. [at 499]
Considering the case in this light, we are satisfied that the trial judge was correct in granting summary judgment in favor of Richard-Lewis Agency against Allstate on the third-party complaint, but erred in granting summary judgment in favor of Allstate against Western World on the original complaint.
We agree with the judge that no duty is imposed upon a broker to notify a primary carrier of the existence of an excess carrier. Accordingly, we affirm the summary judgment of the Law Division in favor of Richard-Lewis Agency against Allstate substantially for that limited reason as expressed by Judge Petrella in his written opinion reported at 140 N.J. Super. at 344-345.
However, we are convinced that the judge erred in holding that Allstate owed no duty to Western World in the circumstances of this case. Western World as the excess carrier has precisely the same status as the assured for purposes of this action. Recently we expressly held that the principles enunciated in Rova Farms applied as between primary and excess carriers, and that the primary carrier owed to the excess carrier the same positive duty to take the initiative and attempt to negotiate a settlement within its policy limit as it owes to its assured. Estate of Penn v. Amalgamated General Agencies, etc., and Richard-Lewis Agency, 148 N.J. Super. 419 (App. Div. 1977). See also, Fireman's Fund Ins. Co. v. Security Ins. Co. of Hartford, 72 N.J. 63, 68 (1976). The applicable duty imposed upon the primary carrier is set out in Rova Farms, where the Supreme Court stated in pertinent part:
*487 We, too, hold that an insurer, having contractually restricted the independent negotiating power of its insured, has a positive fiduciary duty to take the initiative and attempt to negotiate a settlement within the policy coverage. Any doubt as to the existence of an opportunity to settle within the face amount of the coverage or as to the ability and willingness of the insured to pay any excess required for settlement must be resolved in favor of the insured unless the insurer, by some affirmative evidence, demonstrates there was not only no realistic possibility of settlement within policy limits, but also that the insured would not have contributed to whatever settlement figure above that sum might have been available. Young [Young v. America Cas. Co.] supra, 416 F.2d at [906] 911. From what has been said it is clear that an opposite pattern of fact existed here. [at 496]
See also, Fireman's Fund Ins. Co. v. Security Ins. Co. of Hartford, supra, 72 N.J. at 69-71; Rova Farms Resort v. Investors Ins. Co., supra, 65 N.J. at 496-498; Bowers v. Camden Fire Ins. Ass'n, 51 N.J. 62, 71-72 (1968), and Yeomans v. Allstate Ins. Co., supra, 130 N.J. Super. at 51-54.
Thus, we are of the view that in the circumstances of this case different minds may reasonably come to different conclusions as to whether Allstate breached the same positive duty to Western World to take the initiative and attempt to negotiate a settlement within its policy limit as it owed to its assured, and whether Allstate was negligent in its investigation and preparation of the defense of the passenger's claim.
Accordingly, the summary judgment of the Law Division in favor of defendant Allstate and against plaintiff Western World is reversed, and the matter is remanded to the trial court for further proceedings consistent with the opinion of this court. We do not retain jurisdiction.