In re GOOD HOPE INDUSTRIES, INC., Debtor.

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Plaintiff,

v.

GOOD HOPE INDUSTRIES, INC., Defendant.

Bankruptcy No. 75–2740–G.

United States Bankruptcy Court, D. Massachusetts.

Jan. 13, 1982.

Marc Redlich, Widett, Slater & Goldman, P. C., Boston, Mass., for defendant.

Ronald P. Weiss, Bulkley, Richardson & Gelinas, Springfield, Mass., for plaintiff.

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

PAUL W. GLENNON, Bankruptcy Judge.

This matter arises out of a claim filed by Massachusetts Mutual Life Insurance Company ("Mass. Mutual") and the objection to same filed by the debtor, Good Hope Industries, Inc. ("GHI"). The claim is for damages to Mass. Mutual as a result of GHI's alleged failure to meet obligations under a leasehold agreement entered February 6, 1975 between Mass. Mutual and Gasland, Inc., the predecessor-in-interest to the debtor. The leased premises consisted of the

20th floor of the Valley Bank Tower (a part of the Baystate West complex) in Springfield, Massachusetts.

■ The debtor has filed this motion for summary judgment contending that section 353 of the Bankruptcy Act, 11 U.S.C. § 753, supplemented by decisions of the United States Supreme Court, defines the formula for determining the amount in damages to which Mass. Mutual may be entitled, that there is no dispute as to the material facts which are to be plugged into this formula, and that application of this formula shows that Mass. Mutual, as a matter of law, is entitled to no recovery.

Section 353 provides as follows:

In case an executory contract shall be rejected pursuant to the provisions of an arrangement or to the permission of the court given in a proceeding under this chapter, or shall have been rejected by a trustee or a receiver in bankruptcy or receiver in equity in a prior pending proceeding, any person injured by such rejection shall, for the purposes of this chapter and of the arrangement, its acceptance and confirmation, be deemed a creditor. The claim of the landlord for injury resulting from the rejection of an unexpired lease of real estate or for damages or indemnity under a covenant contained in such lease shall be provable, but shall be limited to an amount not to exceed the rent, without acceleration, reserved by such lease for the three years next succeeding the date of the surrender of the premises to the landlord or the date of reentry of the landlord, whichever first occurs, whether before or after the filing of the petition, plus unpaid accrued rent, without acceleration, up to the date of surrender or reentry: . . .

In sum, the lessor is entitled to recover actual damages resulting from the termination of the lease[1] up to a figure which represents three years rent under the lease plus any unpaid past due rent.

Under the lease agreement, a copy of which both parties have appended to their respective memoranda, a net monthly rental of $7763.00 ($7.00 per square foot) is called for over the lease's ten year term. The lease also calls for the tenant to make reimbursements to the lessor for certain operating costs and for payments in lieu of taxes. Whether the ceiling figure on recoverable damages should be based on net or gross rental figures[2] the Court does not now decide but only raises for the parties' attention. The issue will be moot if the undisputed facts establish that Mass. Mutual has suffered no actual damages.

■ Actual damages in the bankruptcy setting are calculated in the manner set out by the United States Supreme Court in *City Bank Farmers Trust Co. v. Irving Trust Co.*:

The amount of the landlord's claim for the loss of his lease necessarily is the difference between the rental value of the remainder of the term and the rent reserved, both discounted to present worth. This, we have said, is a method of liquidation familiar and fair. It was the method adopted under section 77B in *Kuehner v. Irving Trust Co.*, 85 F.(2d) 35, [(C.C.A.)] the judgment in which is this day affirmed [299 U.S. 445, 57 S.Ct. 298, 81 L.Ed. 340], *post.* 299 U.S. 433, 443, 57 S.Ct. 292, 297, 81 L.Ed. 324 (1937).

This formula is applicable whether or not a new tenant is promptly found to occupy the premises. See *In the Matter of Aristo*

---

1. Mass. Mutual in its memorandum suggests that the section 353 limitation on recoverable damages is not applicable in the instant case because the lease between the parties was never formally rejected in the manner set forth in the first sentence of section 353. Note, however that the second sentence of section 353 refers to all leases of real estate, and not only to rejected leases. See 9 *Collier on Bankruptcy*, ¶ 7.15 [6.1] (14 ed. 1975). Thus the section applies where the lease terminated under an

*ipso facto* clause which provided for termination upon the filing of a bankruptcy petition. *In re Plywood Company of Pennsylvania*, 425 F.2d 151 (3rd Cir. 1970). The GHI lease contains such an *ipso facto* clause in Article XI.

2. See *In re Fernandes Supermarkets*, 1 B.R. 249 (Bkrtcy.D.Mass.1979) and *In the Matter of Aristo Foods, Inc.*, 1 B.C.D. 345 (W.D.Mo.1974) where gross rental figures were used by the court.

*Foods, Inc.,* 1 B.C.D. 345 (W.D.Mo.1974) where the formula was applied and where "despite reasonable efforts on the part of the [lessor] to relet, the premises remained vacant". *Id.* at 350.

Fair rental value is presumed to be the same as the rent reserved in the lease until contrary evidence is adduced. *Id* at 350. GHI also points to the deposition testimony of Mass. Mutual's designated witness and to the deposition testimony of three Mass. Mutual employees involved with the leasing of space in the Valley Bank Tower to show that at all times since June 1, 1975, the fair rental value has been in excess of the rent reserved in the GHI lease.

Mass. Mutual contends that the deposition testimony on which the debtor relies is insufficient to establish the minimum fair rental value for the premises. To support its position that the fair rental value of the premises is an issue of material fact still in dispute between the parties Mass. Mutual points to deposition testimony concerning the soft leasing market in the Springfield area during the period Mass. Mutual was attempting to re-let the premises, and to deposition testimony of regular efforts made to re-let the premises that were not successful until October 1977.

The moving party for summary judgment is held to a strict standard. "[I]n ruling on the motion all inferences of fact from the proofs proffered . . . must be drawn against the movant and in favor of the party opposing the motion. And the papers supporting movant's position are closely scrutinized, while the opposing papers are indulgently treated, in determining whether the movant has satisfied his burden." 6 Moore's Federal Practice ¶ 56.15[3]. "A litigant has a right to a trial where there is the slightest doubt as to the facts." *Peckham v. Ronrico Corp.,* 171 F.2d 653, 657 (1st Cir. 1948). It is the opinion of the Court that rental market conditions at the time Mass. Mutual was attempting to re-let the premises are relevant to the issue of fair rental

value. There is sufficient evidentiary material to support an inference that the rent Mass. Mutual was seeking exceeded what the market would bear.

The Court notes, however, that the question of actual damages [3] might have been decided upon summary judgment if additional facts had been brought to the Court's attention. Specifically, it may be that the tenant(s) to whom Mass. Mutual ultimately re-let the premises will pay, after appropriate discounting at present worth, more over the term of GHI's lease than GHI would have paid, again discounted at present worth.[4] On such a set of facts the actual damages, as measured by the difference in the rent reserved under the lease and the rent actually received by the lessor during the term of the debtor's lease, would be zero.

Based on the evidentiary material before the Court, the Court concludes that the fair market value is a material fact as to which there is a genuine dispute and therefore GHI's motion for summary judgment is DENIED.

---

**3.** Disregarding, without ruling upon, any claim for unpaid past due rent.

**4.** This will be true only if the new tenant(s) are paying a higher base rent than that called for in the GHI lease.