**Domingo ALVAREZ DIAZ, Jeanette Lopez Falcon and their Conjugal Partnership, Plaintiffs,**

v.

**AIR FRANCE, American Airlines, Inc., John Doe, Richard Doe, and Companies X, Y, and Z, Defendants.**

**Civ. No. 91–1966 (JP).**

United States District Court, D. Puerto Rico.

Oct. 4, 1991.

Raúl Santiago Meléndez, Hato Rey, P.R., for plaintiffs.

Francisco G. Bruno Rovira, Sweeting González Cestero & Bruno, San Juan, P.R., for defendant Air France.

Jacqueline D. Novas, Fiddler, González & Rodriguez, San Juan, P.R., for defendant American Airlines, Inc.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it Defendant Compagnie Nationale Air France's Opposition to Plaintiffs' Motion for Consignment and Cross–Motion for Summary Judgment. For the reasons stated below, summary judgment is hereby GRANTED.

This is an action for $34,010.00, plus costs, interest and attorneys' fees for damages sustained as a result of alleged vandalism to and theft of certain items of checked baggage belonging to plaintiffs. The damage occurred on October 6, 1990, while the baggage was being transported by Air France from Quito, Equador to Lima, Perú. On June 18, 1991, defendant tendered to plaintiffs a check for $119.00, which defendant asserts constituted full and final settlement of the matter. The reverse side of the check bore the following restrictive endorsement:

> By accepting and endorsing this check, the undersigned hereby releases and forever discharges Compagnie Nationale Air France, its connecting carriers and its and their officers, agents and employees from any and all claims, demands, actions, or suits at law on account of any loss, damage, delay, or any occurrence whatsoever in connection with the claim of the undersigned for missing items, AF209, 6 Oct. 90, UIO LIM [Quito to Lima]. This check must not be paid if any of the above language is stricken therefrom of if the signature of payee does not appear hereunder.

Declaration of Tina Pogach ¶ 3. Plaintiffs each endorsed this check, beneath the restrictive language. *Id.* ¶ 8.

On July 8, 1991, plaintiffs filed suit against defendants in the Superior Court of the Commonwealth of Puerto Rico, Carolina Part. On July 30, 1991, plaintiffs filed a motion in the Commonwealth court to consign the $119.00. On August 12, 1991, defendants removed this action to this court pursuant to 28 U.S.C. § 1441(d). Jurisdiction is based on 28 U.S.C. § 1330.

On September 9, 1991, defendant submitted the motion now before the court. Defendant asserts that the payment and acceptance of the $119.00 check amounted to an accord and satisfaction and that on these grounds defendant is entitled summary judgment. The Court notes that op-

position to this motion was not file within 10 days as mandated by Local Rule 311.5, and has in fact not been filed at all.[1]

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *Brennan v. Hendrigan,* 888 F.2d 189, 191 (1st Cir.1989); *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 894 (1st Cir.1988).

■ Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is not the slightest doubt as to whether a genuine issue of material fact exists. *Peckham v. Ronrico Corp.,* 171 F.2d 653 (1st Cir.1948). A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. *Mack v. Great Atlantic and Pacific Tea Co.,* 871 F.2d 179, 181 (1st Cir.1989); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A "material" fact, which the substantive law will identify, is one which affects the outcome of the suit and which must be resolved before attending to related legal issues. *Mack, supra,* 871 F.2d at 181.

■ Essentially, Rule 56(c) mandates that summary judgment be entered against a party who fails to establish the existence of an element essential to that party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Therefore, the burden is first on the movant to show "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. at 2554. Thereafter, the burden shifts to the nonmovant to establish, through the filing of

---

1. Disputed facts are generally construed in favor of the non-moving party on a motion for summary judgment. In this case, the most important facts do not appear to be in dispute. It should be noted, however, that by failing to respond to defendant's motion, plaintiffs are deemed, pursuant to Local Rule 311.12, to admit all facts set forth in defendant's Statement of Material Facts.

supporting affidavits or otherwise, the existence of a genuine material issue. *Brennan, supra*, 888 F.2d at 191. The nonmovant cannot rest upon mere allegation or denial of the pleadings. Fed.R.Civ.P. 56(e). The non-movant must instead affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First National Bank v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968).

The underlying facts in this suit do not appear to be in dispute, particularly given the plaintiffs' failure to respond to the defendant's motion. The task before the Court, therefore, is merely to decide whether defendant's argument as to their affirmative defense of accord and satisfaction is supportable.

■ Discharge by accord and satisfaction occurs upon the rendering of some performance different from that which was claimed as due and the acceptance of such substitute performance by the claimant as full satisfaction of the claim. 6 *Corbin on Contracts* § 1276; *see, e.g., Hato Rey Electroplating, Inc. v. Rodríguez, et al.*, 114 D.P.R. 236 (1983); *Martínez v. Long Construction Co., et al.*, 101 D.P.R. 830 (1973); *López v. South Puerto Rico Sugar Co.*, 62 P.R.R. 227 (1943). The previously existing claim may be one arising out of contract, quasi-contract, tort, or otherwise.[2] 6 *Corbin on Contracts* § 1276.

■ In *López*, the Supreme Court of Puerto Rico decided that accord and satisfaction, which it noted has "existed in the common law since time immemorial" (*Id.* at 233), governs the Puerto Rican system of law. The Court then went on to outline the elements of the defense. It stated:

For accord and satisfaction to apply, the following requisites must exist: (1) a claim which is unliquidated concerning which a *bona fide* controversy exists; (2) an offer of payment by the debtor; and (3) an acceptance of the offer of payment by the creditor. Inasmuch as a *sine qua non* requisite in order that the doctrine of accord and satisfaction be applicable, is that the claim be unliquidated or that it involve a *bona fide* controversy, it seems obvious that when the creditor in the indicated circumstances receives from the debtor and accepts a sum less than that he claims, the creditor by virtue thereof is estopped from claiming the difference between that received and that originally claimed.

*Id.* at 233–34. Each of the three basic elements are present in this case. There is a substantial dispute as to the amount plaintiffs are entitled to recover: plaintiffs claim damages exceeding $30,000.00 while defendant asserts that its liability is limited to $119.00. Defendant offered plaintiffs payment in the amount of $119.00, subject to restrictive language which states that the payment was being tendered in full satisfaction of plaintiffs' claims. And, most importantly, plaintiffs not only accepted and retained the proffered Settlement Check, but also endorsed and negotiated it. Under these circumstances, judgment for defendant is compelled under Puerto Rican law, which states:

In the absence of oppression or undue advantage[3] on the part of the debtor and there existing circumstances clearly indicative to the creditor that the check forwarded acknowledged payment in full and total liquidation of the resulting bal-

---

**2.** The nature of plaintiffs legal claim in this suit is somewhat unclear. None of plaintiffs' submissions suggest the legal basis on which they base their claim for relief. Defendant suggests alternatively that plaintiffs' claims are grounded in contract, tort, and the Warsaw Convention. Given that the defense of accord and satisfaction exists, and is applied similarly in all of these types of suits, the confusion is irrelevant.

**3.** This additional requirement was added as a modification of the first *López* requirement.

*Hato Rey Electroplating*, 114 D.P.R. at 241. The Court declines to speculate as to the possible presence of "oppression or undue advantage on the part of the debtor" in this case. Among the issues that plaintiffs failed to address by not filing any papers in response to defendant's motion, this may have been one of the more important; however, given the lack of any response by plaintiffs, the Court will not consider this matter.

ance of the final liquidation of the contract, all the requirements of this manner of extinction of obligations adopted in *López v. South Porto Rico Sugar Co., supra,* are present.

*Martínez,* 101 D.P.R. at 843.

As a result, defendant has succeeded in demonstrating that no genuine material issue exists in this case; therefore, summary judgment is entered accordingly on behalf of defendants.

IT IS SO ORDERED.