Astrid L. PORTELA GONZALEZ,
et al., Plaintiffs,

v.

SECRETARY OF the NAVY,
et al., Defendants.

Civil No. 92–1697 (JP).

United States District Court,
D. Puerto Rico.

Jan. 25, 1996.

Alex González, Law Offices González & Vilella, San Juan, P.R., for Plaintiff.

Isabel Muñoz Acosta, Assistant United States Attorney, Hato Rey, P.R., for Defendant.

## OPINION AND ORDER

PIERAS, District Judge.

## I. INTRODUCTION

The Court has before it defendants' Motion for Summary Judgment and plaintiff's opposition, and defendants' supplement (docket Nos. 20, 24 and 27). Plaintiff was a career employee with the Department of the Navy, Navy Exchange, Roosevelt Roads, Puerto Rico, since 1962. During January, 1990, plaintiff was dismissed from her position as a Sales Manager in the Navy Exchange. Plaintiff asserts that her dismissal violated both procedural and substantive due process rights protected by the Fifth and Fourteenth Amendments.

Defendants contend that plaintiff was dismissed because she applied an unauthorized forty percent price reduction to red-tagged items which she had previously placed on layaway. Defendants deny that plaintiff's dismissal failed to comply with due process requirements, since she was given notice and

an opportunity to be heard concerning the charges against her before she was dismissed, and administrative review of the charges after she was dismissed. Moreover, defendants contend that plaintiff's Complaint must be dismissed because plaintiff failed to exhaust all administrative remedies before filing the Complaint.

## II. UNCONTESTED FACTS

The following is a concise statement of uncontested facts as stipulated by both parties in the Initial Scheduling Conference ("ISC") Order and in the parties statement of uncontested material facts annexed to their motions of summary judgment. *See* docket Nos. 17, 20 and 24.

1. Plaintiff was hired as a Sales Clerk by the Navy Exchange at Roosevelt Roads on November 1962. She was promoted through the ranks until July, 1985, when she was appointed Sales Manager. Her performance appraisals between 1983 and 1990 were all rated "excellent" except for one in 1987 that was rated "satisfactory." Her record does not contain any prior disciplinary history.

2. On December 14, 1989, plaintiff placed 28 articles of clothing on lay-away at the Exchange. Of the 28 items, 25 were "red tag" items. The total value of the merchandise was $484.10.

3. Between December 26, 1989, and December 31, 1989, the Exchange ran a sale that advertised further reductions on red-tag merchandise.

4. On December 29, 1989, plaintiff cancelled the lay-away hold that she had placed on several articles on December 14, 1989, and paid $5.00 penalty. That same day, plaintiff purchased the articles she had previously put on lay-away by making a payment of $330.79.

## III. PLAINTIFFS' ALLEGATIONS

Plaintiff, Astrid L. Portela González, asserts that she had a property interest in her continued employment because she was a permanent employee of the Navy Exchange who had worked for over twenty-nine years. Plaintiff contends that she had permission from her supervisor Mr. K.L. Parish, Retail Operations Manager, to cancel her lay-away

and take advantage of the "red tag" sale. Plaintiff argues that if her supervisor gave her permission to act as she did, then her actions could not violate a regulation. Moreover, plaintiff argues, she had a perfectly clean record for over twenty-nine years, this was her first infraction of any regulation, she allegedly had permission from her supervisor to act as she did, and the infraction in itself was relatively minor, nonetheless her employment was terminated. Therefore, plaintiff contends that her dismissal violated her due process rights under the Fifth and Fourteenth Amendments.

Plaintiff counters defendants' argument, by contending that it is not necessary to exhaust administrative remedies in order to have a judicial review in this action. Plaintiff did bring her first complaint concerning her dismissal to the administrative agency and that she did in fact use the administrative process through her third appeal within the agency. Consequently, plaintiff argues that it would have been futile for her to appeal for the fourth time to the Deputy Assistant Secretary of the Navy because her first three appeals had been unsuccessful.

## IV. DEFENDANTS' ALLEGATIONS

Defendants assert that plaintiff Portela González was dismissed from her position as Sales Manager at the Navy Exchange because she violated the Navy Exchange's regulations by purchasing merchandise on lay-away after a red tag reduction without the permission of her supervisor. Moreover, defendants assert that plaintiff has not provided any evidence which would sustain her allegation that the disciplinary action taken against her failed to comply with all the protections of due process.

Defendants further contend that plaintiff's Complaint is barred because plaintiff has failed to exhaust all administrative remedies. Plaintiff did not appeal to the Deputy Assistant Secretary of the Navy, which was the last level of appeal within the agency, before appealing to the District Court. In addition, defendants allege that plaintiff's efforts would not have been futile in the last administrative appeal because the Deputy Assistant Secretary of the Navy was an impartial

official charged with overseeing the Navy's Exchange's personnel administration. Thus, defendants contend, this Court must dismiss plaintiff's Complaint for failure to exhaust administrative remedies.

## V. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Pagano v. Frank*, 983 F.2d 343, 347 (1st Cir.1993); *Libertad v. Welch*, 53 F.3d 428, 433 (1st Cir.1995); *National Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir. 1995), *cert. denied*, —— U.S. ——, 115 S.Ct. 2247, 132 L.Ed.2d 255 (1995).

Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is not the slightest doubt as to whether a genuine issue of material fact exists. *Kennedy v. Josephthal & Co.*, 814 F.2d 798, 804 (1st Cir.1987); *Peckham v. Ronrico Corp.*, 171 F.2d 653 (1st Cir.1948). A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 181 (1st Cir. 1989); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A material fact, which is defined by the substantive law, is one which affects the outcome of the suit and which must be resolved before attending to related legal issues. *Mack*, 871 F.2d at 181.

The party filing a motion for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Thereafter, the burden shifts to the non-movant to provide the Court, through the filing of supporting affidavits or otherwise, with "some indication that he can produce the quantum of evidence [necessary] to en-

able him to reach the jury with his claim." *Hahn v. Sargent*, 523 F.2d 461, 468 (1st Cir.1975); *see also Brennan*, 888 F.2d at 191. The non-movant cannot rest upon mere allegations or denial of the pleadings. Fed. R.Civ.P. 56(e). Indeed, the non-movant must affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." *First National Bank v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968).

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants contend that this Complaint must be dismissed because plaintiff failed to exhaust all administrative remedies, therefore this Court does not have subject matter jurisdiction. There is no genuine question of material fact regarding plaintiff's action in appealing her Complaint.

As an employee of a non-appropriated fund instrumentality ("NAFI") of the United States federal government, plaintiff's disciplinary procedure was governed by the Department of the Navy Instructions. These instructions state that an employee has the right to file an administrative appeal of an adverse personnel action, such as termination, and also, set forth the procedures governing appeals. Pursuant to Secretary of the Navy Instruction (SECNAVINST) 5300.22A, Chapter V, dated June 25, 1982, plaintiff had the right to appeal her termination to the head of the local NAFI activity, then to the installation commander, and finally to the head of the NAFI headquarters element. Also, plaintiff had the right to a full and fair hearing before an impartial hearing officer. On November 15, 1989, SECNAVINST 5300.22B which revised the previous instruction, provided for an additional level of appeal to the Deputy Secretary of the Navy on a national basis. This instruction became effective on July 15, 1990, after plaintiff had filed her appeal at the third level.

On April 9, 1990, L.H. Arcement, Jr., the Officer in Charge ("OIC") of the Navy Exchange suspended plaintiff without pay pend-

ing disciplinary action. Exhibit C, docket No. 20. On May 29, 1990, the OIC issued plaintiff a thirty day advance warning that she would be dismissed for "applying an unauthorized 40% price reduction to red tagged clothing items you had placed on layaway policy, resulting in the loss to the exchange of $197.32." Exhibit D, docket No. 20. The letter stated the charges against plaintiff and informed plaintiff of her right to appeal this matter, pursuant to SECNA-VINST 5300.22A.

Plaintiff filed a grievance concerning both of these administrative actions with the OIC. On June 22, 1990, the OIC issued a decision, terminating plaintiff's employment as of July 3, 1990, and informing her of her right to appeal. Exhibit E, docket No. 20. Plaintiff filed her Step 1 appeal on July 5, 1990, to the head of the local NAFI. Mr. Arcement, the OIC of the Navy Exchange and the individual who had originally decided to dismiss plaintiff was the same individual to hear her first appeal. On July 27, 1990, the OIC issued a decision to terminate plaintiff's employment. Exhibit G, docket No. 20. On August 12, 1990, plaintiff filed her Step 2 appeal to the Lieutenant Commander of the Legal Services Office Detachment, Roosevelt Roads, and asked for a hearing. Exhibit I, docket No. 20. On October 16, 1990, plaintiff received a full evidentiary hearing in front of a hearing officer. On December 14, 1990, Michael O'Brien, the Commanding Officer, sustained the decision to terminate plaintiff's employment and informed plaintiff of her right to appeal to NAVRESSO, the headquarters of the NAFI element. Exhibit J, docket No. 20. Plaintiff initiated her third appeal on January 14, 1991, to the Commander within the Legal Service Office Detachment, United States Naval Base, Roosevelt Roads, Puerto Rico. Exhibit K, docket No. 20. This third decision sustained the findings of the prior two decisions to terminate plaintiff's employment. Exhibit L, docket No. 20.

Although under SECNAVINST 53000.22A, this would have been plaintiff's final administrative appeal, the decision letter informed plaintiff of the additional level of appellate review under the newly implemented and recently effective policy SECNAVINST 5300.22B. This fourth level of administrative appeal permitted plaintiff to go to the Deputy Assistant Secretary of the Navy, Civilian Personnel Policy, Equal Employment Opportunity, in Washington D.C. It is an undisputed fact that plaintiff did not appeal her grievances through the fourth level. Exhibit M, to docket No. 20. Therefore, the relevant question is whether plaintiff's failure to exhaust all administrative remedies, divests this Court of subject matter jurisdiction to hear plaintiff's Complaint.

In general, a plaintiff must exhaust all administrative remedies before filing a Complaint in a federal district court. *Myers v. Bethlehem Shipbuilding Co.,* 303 U.S. 41, 50–51, 58 S.Ct. 459, 463–464, 82 L.Ed. 638 (1938). The doctrine of exhaustion of administrative remedies allows an agency an opportunity to apply its expertise and to correct its own errors *Parisi v. Davidson,* 405 U.S. 34, 37, 92 S.Ct. 815, 817, 31 L.Ed.2d 17 (1972); and to develop a thorough factual record of the case, and to exercise its own discretion in resolving an issue, and to correct its own mistakes. *Ezratty v. Com. of Puerto Rico,* 648 F.2d 770, 774 (1st Cir.1981).

Plaintiff contends that appealing for a fourth time would have been a futile gesture because the three previous administrative officers had decided to terminate her employment. She argues that the fourth level of review would automatically sustain the prior three decisions to terminate her employment. Consequently, her failure to exhaust those remedies should not bar subject matter jurisdiction. *See Maldonado v. Benítez,* 874 F.Supp. 491, 498 (D.P.R.1995).

Defendants counter that it would not have been futile for plaintiff to appeal for the fourth time since the Deputy Assistant Secretary of the Navy is an impartial official charged with overseeing the Navy Exchange's personnel administration on a national level, responsible for establishing and maintaining civilian personnel policies and equal employment opportunity goals within the Department of the Navy. Defendants have presented evidence that the Deputy Assistant Secretary of the Navy has reversed terminations of Navy Exchange employees

when it was believed that such terminations were unwarranted. Exhibits 1–3, defendants' reply to plaintiff's opposition to defendant's motion for summary judgment, docket No. 27. Thus, defendants contend that this final step in the administrative appeals process would not be futile.

This Court shall determine whether there is subject matter jurisdiction despite the failure to exhaust administrative remedies as a matter of discretion. *Darby v. Cisneros,* 509 U.S. 137, ——, 113 S.Ct. 2539, 2540, 125 L.Ed.2d 113, 127 (1993) ("the exhaustion doctrine continues to apply as a matter of judicial discretion in cases not governed by the [Administrative Procedures Act]"). After carefully reviewing the record, it is not clear that pursuing the fourth level of review would have been a futile gesture such that plaintiff was relieved from her obligation to pursue all administrative remedies prior to filing a complaint in federal district court. The mere fact that the three previous levels of review had affirmed plaintiff's dismissal does not necessarily signify that the fourth level of review would be meaningless.

Nevertheless, as a matter of discretion, this Court shall exercise subject matter jurisdiction over the merits in the case at bar. Plaintiff did request and receive a hearing from the independent hearing officer, and did appeal her discharge three times. It is clear that the fourth level of review within the administrative agency did not exist when plaintiff was first notified of her pending dismissal. Moreover, the agency itself argued at the oral hearing in front of the hearing examiner that the instruction which provides the fourth level of review, SECNAVINST 5300.22B, did not apply to the pending proceedings. *See* Transcript of Oral Hearing, Exhibit II, to docket No. 24 at 2–4. Therefore, plaintiff followed through three levels of appellate review in accordance with the Navy's own regulations at the time she filed her grievances. In interests of minimizing cost and delay in the judicial system and avoiding the waste of resources, this Court will exercise subject matter jurisdiction and review the merits of plaintiff's case. *Ezratty,* 648 F.2d at 774.

# VII. DUE PROCESS

The Due Process Clause of the Fourteenth Amendment guarantees the right to an informal hearing before the termination of a property interest, *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). A property interest in continued public employment is created by "existing rules or understandings that stem from an independent source such as state law." *Id.,* 470 U.S. at 538, 105 S.Ct. at 1491. Whether a property interest exists depends upon whether it was objectively reasonable for the employee to believe, based upon either statute or employment contract, that she could rely on continued employment. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976).

The parties agree that plaintiff, a permanent employee of the Navy Exchange for over twenty-nine years, had a valid property interest in her continued employment at the Navy Exchange. Plaintiff asserts that the Navy Exchange failed to follow proper procedures and that its decision was arbitrary and capricious, and therefore violated her rights to procedural and substantive due process. Defendants accept that plaintiff had a property interest in her expectation of her continued employment. Defendants contend, however, that plaintiff was provided with all the protections required for procedural due process, and that her dismissal was not arbitrary and capricious.

Procedural due process requires at least a hearing prior to the employment discharge. *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). The Constitution "simply requires that a private person have a basically fair opportunity to convince the *decision maker,* by presenting proofs and arguments and replies to the arguments of others." *Newman v. Burgin,* 930 F.2d 955, 961 (1st Cir.1991) (emphasis in original). Such a hearing is considered "fair" if the individual to be discharged has the "opportunity to respond, explain and defend." *Gorman v. University of Rhode Island,* 837 F.2d 7, 12 (1st Cir.1988).

The evidence clearly demonstrates that defendants provided plaintiff with the following indicia of procedural due process. First, plaintiff received a written thirty day advance notice of termination which set forth the factual allegations against her. Second, plaintiff was provided the opportunity to respond to charges either orally or written within ten days of the receipt of the termination letter. Third, she was given an oral hearing at which she was permitted to deny all charges against her and present any evidence contradicting these charges. Exhibit II to plaintiff's opposition to defendants' motion for summary judgment, docket No. 24. Moreover, she testified on her own behalf and brought forward witnesses to testify on her behalf. Exhibit XIV, Mrs. Portela González; Exhibit IX, Mrs. Cordero; and Exhibit X, Mrs. Connie Pérez. Fourth, she was represented by counsel during the administrative appellate process. Her attorney was present at the oral hearing to cross examine defendants' witnesses and provided a written appeal at Steps 2 and 3. Exhibits IX and X to docket 24; and Exhibits F, I and K to docket No. 20. Fifth, plaintiff had the ability to appeal the adverse decision on several levels. These procedures satisfy the due process requirements. *See Castella v. Long,* 701 F.Supp. 578, 591 (N.D.Tex.1988), *aff'd* 862 F.2d 872 (5th Cir.1988), *cert. denied,* 493 U.S. 936, 110 S.Ct. 330, 107 L.Ed.2d 319 (1989).

Plaintiff additionally argues that her dismissal violates her rights to substantive due process because the result reached at each level of the administrative review process was arbitrary and capricious. Substantive due process rights protect a public employee from arbitrary and capricious state action of her employer. *Cabrero v. Ruiz,* 826 F.Supp. 591, 597 (D.P.R.1993), *aff'd,* 23 F.3d 607 (1st Cir.1994); *Newman v. Com. of Mass.,* 884 F.2d 19, 25 (1st Cir.1989), *cert. denied, Newman v. Burgin,* 493 U.S. 1078, 110 S.Ct. 1132, 107 L.Ed.2d 1037 (1990); and *McCann v. Ruiz,* 788 F.Supp. 109, 120 (D.P.R.1992). Plaintiff argues that her past employment history was perfect, the nature of infraction was minimal and that she acted with the permission of her supervisor. Consequently, she contends her dismissal was an arbitrary and capricious penalty which did not comply with the agency's own applicable regulations.

The evidence does not sustain plaintiff's allegations. "In the substantive due process context, the requisite arbitrariness and caprice must be stunning, evidencing more than humdrum legal error," *Amsden v. Moran,* 904 F.2d 748, 754, n. 5 (1st Cir.1990), *cert. denied* 498 U.S. 1041, 111 S.Ct. 713, 112 L.Ed.2d 702 (1991). Each level of administrative review based its decision upon all evidence as presented, taking into consideration all relevant circumstances. Exhibits G, J and L, to docket No. 20. Specifically, H.D. Weatherson, Department of the Navy responded as follows:

"Notwithstanding your excellent work performance history, and the fact that this was a first offense, such misconduct cannot be tolerated. As a Sales Manager, you held a position of trust and responsibility; yet by your actions you violated the trust placed in you." Exhibit L, docket No. 20.

Next, plaintiff's allegations that the agency failed to follow its own regulations is not borne out by the evidence. The offense classifies as number 15 is defined as follows: "[a]ctual or attempted taking and carrying away government o[r] NAFI property or funds, or the property or funds of others." The first time offense of number 15 is punishable by the penalty range of a written reprimand to termination of employment. Exhibit 5 to docket No. 27. Therefore, the decision to dismiss plaintiff Portela González was based upon the evidence, and complied with applicable guidelines. Consequently, the decision was not arbitrary and capricious. *See Lunetto v. U.S.,* 560 F.Supp. 712 (N.D.Ill. 1983).

## VIII. CONCLUSION

Plaintiff failed to exhaust all administrative remedies because she did not appeal the negative employment decision to the Deputy Assistant of the Navy. Nevertheless, this Court, as a matter of discretion, exercised subject matter jurisdiction over the merits of the case at bar. Defendants followed administrative procedures which were sufficient to comply with the requirements of procedural

and substantive due process. Therefore, defendants' motion for summary judgment is hereby **GRANTED.** Judgment shall be entered accordingly.

IT IS SO ORDERED.