Sixto Millan **COUVERTIER,** et al., Plaintiffs,

v.

Hon. Guillermo Gil **BONAR,** et al., Defendants.

· **No. Civ. 97–1768(RLA).**

United States District Court, D. Puerto Rico.

Aug. 3, 1998.

Antonio Amadeo Murga, S̃an Juan, Puerto Rico, for Plaintiffs.

A.U.S.A. Fidel A. Sevillano Del Rio, U.S. Attorney's Office, Hato Rey, Puerto Rico, for Defendants.

### OPINION AND ORDER

ACOSTA, District Judge.

This action seeks to annul two prior administrative seizure proceedings whereby

prized lottery tickets brought in by plaintiff from the U.S. VIRGIN ISLANDS ("USVI") were forfeited by U.S. CUSTOMS under 19 U.S.C. § 1305.[1] Plaintiffs claim that the tickets were legally brought into this jurisdiction and improperly seized by U.S. CUSTOMS agents. Only the demand for equitable relief, i.e., a mandamus for the institution of judicial forfeiture proceedings and the return of the seized property remain pending in this action.[2]

The pertinent facts are not in controversy; only two legal issues are presently before the court for disposition which may prove fatal to plaintiff's claims. Initially, we must rule on whether or not the USVI are deemed a "foreign country" for purposes of 19 U.S.C. § 1305(a). Additionally, the court must determine whether "prized" lottery tickets fall within the purview of this provision. See Plaintiff's Supplementary Memorandum, filed on May 6, 1998 (docket No. 25) and defendant's Memorandum in Response ... filed on May 29, 1998 (docket No. 26).

## FOREIGN COUNTRY

The seized articles were forfeited pursuant to the Tariff Act of 1930, as amended; specifically, 19 U.S.C. § 1305(a) which bans persons from bringing into the United States various categories of printed material including lottery tickets. In pertinent part, the statute reads:

> All persons are prohibited from **importing into the United States from any foreign country** ... any lottery ticket....

(emphasis ours).

The first step in statutory construction is an examination of the terms of the statute. Laws should be examined as a whole and words given their plain meaning unless this would yield an absurd result.

Courts should not ordinarily resort to examining the legislative history unless the language is not clear or there is an explicitly declared legislative intent to the contrary. *Arnold v. United Parcel Service, Inc.*, 136 F.3d 854 (1st Cir.1998); *United States v. Rivera*, 131 F.3d 222 (1st Cir.1997); *United States v. Ramirez–Ferrer*, 82 F.3d 1131 (1st Cir.1996).

Although the term "foreign country" is not described, the Act does provide a definition for "United States" at § 1401(h):

> The term "United States" includes all Territories and possessions of the United States **except the Virgin Islands,** American Samoa, Wake Island, Midway Islands, Kingman Reef, Johnston Island and the island of Guam.

(emphasis ours).

Logic would dictate that absent any reference to the term "foreign country" in the statute, places not included within the definition of UNITED STATES would necessarily be deemed a "foreign country" for customs purposes. Thus, the plain reading of this provision supports the conclusion that the USVI are deemed a "foreign country" for purposes of the Tariff Act.

Additionally, this conclusion finds support in the history of the relationship between the UNITED STATES and the USVI. The USVI were acquired by the UNITED STATES from Denmark in 1917. Particular provisions were enacted allowing the Danish customs laws in effect at the time of the transfer to remain in full force and effect creating thereby a **separate customs territory.** See 48 U.S.C. § 1395. This principle has been preserved with certain modifications.[3] At present, articles coming into the UNITED STATES from the USVI are subject to duties and taxes similar to those

---

1. Plaintiff's previous attempt to attack the validity of the forfeitures was rejected at the district court level. *See Millan Couvertier, et al., v. United States at al.,* Civ. No. 92–2006(HL), 1994 WL 510455 (1994). On review, the Court of Appeals affirmed the dismissal without prejudice of plaintiff instituting a collateral attack by way of a new civil action. *Millan–Couvertier, et al., v. United States,* No. 94–2038, 1995 WL 660954 (1st Cir. Nov. 9, 1995).

2. The claims asserted against defendants in their individual capacity were dismissed. *See* Order Dismissing Claims ... filed on April 21, 1998 (docket No. 22).

3. *See Paradise Motors, Inc. v. Murphy,* 892 F.Supp. 703 (D.Vi.1994) for a detailed history of the relationship between the United States and the USVI with particular attention to the customs area.

imposed on merchandise coming in from foreign countries. 48 U.S.C. § 1394.

The clear purpose behind § 1305 is to avoid the importation into the UNITED STATES of various types of printed material including lottery tickets. Inasmuch as the USVI have preserved their own customs territory, independent from the traditional customs control in effect in other parts of the UNITED STATES, allowing the entry of this material from said jurisdiction would circumvent the statute's goal. It is important to note that this analysis is made within the context of the Tariff Act, a specialized customs statute.

Based on the foregoing, we find that for purposes of § 1305 the USVI are deemed a "foreign country" for which reason lottery tickets imported therefrom are subject to seizure and forfeiture.

### PRIZED LOTTERY TICKETS

Plaintiffs further argue that "prized" lottery tickets are not included within the purview of § 1305(a). This particular issue was amply discussed in *United States v. Fourteen Thousand and Eight Hundred and Seventy-Six Pieces of Puerto Rico Lottery Tickets*, 791 F.Supp. 345 (D.P.R.1992). We agree with the reasoning of the court therein to the effect that the statute does not distinguish between prized and non-prized tickets.

Accordingly, we endorse the interpretation provided by the court in the aforementioned case and find that § 1305(a) extends to prized lottery tickets.

### CONCLUSION

Based on the foregoing, we find that summary judgment in favor of defendants is proper and that dismissal of the remaining allegations in the complaint is in order.

Judgment shall be entered accordingly.

IT IS SO ORDERED.